Exhibit "A"

**O'CONNOR, PARSONS, LANE, & NOBLE, LLC**
Gregory B. Noble, Esq. (017601998)
Robert A. Ballard, III, Esq. (087192014)
959 S. Springfield Avenue, 2nd Floor
Springfield, New Jersey 07018
(908) 928-9200
Attorneys for Plaintiff

| | |
|---|---|
| SERENA HOU,<br><br>　　　Plaintiff,<br><br>v.<br><br>NYU LANGONE HEALTH SYSTEM; JANE DOE I-V (these names being fictitious as their present identities are unknown); JOHN DOE I-V (these names being fictitious as their present identities are unknown); XYZ CORPORATION I-V (these names being fictitious as their present identities are unknown)<br><br>　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: HUDSON COUNTY<br>DOCKET NO.:<br><br>　　　Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff, Serena Hou ("plaintiff" or "Ms. Hou"), resides at 135 Montgomery St., Apt. 13-J, Jersey City, New Jersey 07302, and at all times relevant hereto was employed by defendant.

2. Defendant NYU Langone Health System ("NYU Langone" or "the Company"), is a business with the principal business address of 550 First Ave. HCC – 15, New York, NY, 10016, which had the plaintiff in its employ during the relevant time periods herein. NYU Langone regularly conducts business in New Jersey and in Hudson County.

3. At all times relevant hereto, the defendants Jane Doe I-V and John Doe I-V are fictitious names used to identify those individuals which names are presently unknown that engaged in wrongful acts outlined herein and their identities are presently unknown.

4. At all times relevant hereto, the defendants XYZ Corporation I-V are fictitious names used to identify those corporations which names are presently unknown but include corporations incorporated under the laws of the State of New Jersey and/or other states and had in plaintiff under their employ.

5. At all times relevant hereto, each of the corporate and individually named defendants were plaintiff's employer, and/or vested with at least partial management responsibility, and/or vested with supervisory authority over plaintiff and/or participated in the decision to hire and/or terminate Plaintiff.

6. Ms. Hou is a thirty-one (31) year old female.

7. Ms. Hou commenced employment with NYU Langone in or about October of 2019.

8. She held a position of administrative coordinator and supported Kristin Carmody, M.D., Vice Chair of Education.

9. Ms. Hou has been diagnosed with and treats for depression and is under the care of a physician with regard to same.

10. On or about December 16, 2019, Ms. Hou had a detailed conversation with Dr. Carmody about her depression. She advised Dr. Carmody that she was on anti-depressants for depression and that these medications sometimes affecting her short-term memory.

11. The two had this conversation in the contexts of Ms. Hou explaining to Dr. Carmody that if she asked Dr. Carmody to repeat herself and/or repeat instructions, it was because of the effects of the medication affected her short-term memory.

12. Shortly after the conversation, Dr. Carmody went on vacation from December 20, 2019 until January 3, 2020.

13. Ms. Hou was shocked when, on January 10, 2020, she was summarily terminated by NYU Langone.

14. Ms. Hou was told by Dr. Carmody and Nicholas Dibble, the ER Department Administrator, that she was being let go because she was "not a good fit." She was further told "you'll do great in other places."

15. Ms. Hou was also shocked to learn that Human Resources had deemed her "not hirable" for future positions at the hospital.

## FIRST COUNT

### Violation of the New York City Human Rights Law

### Disability/Perceived Disability Discrimination/Failure to Accommodate

1. Plaintiff repeats and realleges each and every allegation of the within paragraphs of this Complaint as if set forth at length herein.

2. Defendants violated the New York City Human Rights Law, 8 NYC Admin. Code § 8-101, *et seq.*, by discriminating against Plaintiff based on her disability and/or perceived disability.

3. In addition, Defendants further violated the New York City Human Rights Law, 8 NYC Admin. Code § 8-101, *et seq.*, by failing to provide Plaintiff with any reasonable accommodation for her disability.

4. Finally, Defendants further violated the New York City Human Rights Law, 8 NYC Admin. Code § 8-101, *et seq.*, by failing to engage in the interactive process to determine whether they could provide Plaintiff with a reasonable accommodation for her disability.

5. As a direct result of Defendants' violations of the New York City Human Rights Law, 8 NYC Admin. Code § 8-101, *et seq.*, Plaintiff continues to endure significant damages including, but not limited to, physical and bodily injuries, reduced healthcare due to lack of medical benefits, severe emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, lost employment opportunities, and other such damages.

WHEREFORE, plaintiff, Serena Hou, demands judgment against defendants, NYU LANGONE HEALTH SYSTEM; Jane Doe I-V (these names being fictitious as their present identities are unknown); John Doe I-V (these names being fictitious as their present identities are unknown); XYZ Corporation I-V (these names being fictitious as their present identities are unknown), jointly and severally, for harm suffered as a result of defendants' disability/perceived disability discrimination as follows:

(a) full compensation for back pay and benefits with full remuneration, with interest;

  (b) full compensation for front pay and benefits with full remuneration, with interest;

  (c) compensatory damages;

  (d) consequential damages;

  (e) punitive damages;

  (f) pre-judgment interest;

  (g) her attorneys' fees and costs with appropriate enhancement;

  (h) such other relief as may be available and which this court deems to be just and equitable.

## SECOND COUNT

### Violation of the New York City Human Rights Law
### Aiding and Abetting

1. Plaintiff repeats and realleges each and every allegation of the within paragraphs of this Complaint as if set forth at length herein.

2. The New York City Human Rights Law, 8 NYC Admin. Code § 8-101, *et seq.*, makes it unlawful for any person to aid or abet another's discrimination, harassment or retaliation in violation of the statute.

3. As set forth herein, defendants aided and abetted each other's' discrimination and retaliation perpetuated against Ms. Hou in violation of the statute.

4. Defendants knowingly and willfully violated the New York City Human Rights Law by aiding and abetting intentional discrimination and retaliation with malice and reckless indifference to Ms. Hou's rights.

5. As a direct result of defendants' violations of the New York City Human Rights Law, 8 NYC Admin. Code § 8-101, *et seq.*, plaintiff continues to endure significant

damages including, but not limited to, physical and bodily injuries, reduced healthcare due to lack of medical benefits, severe emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, lost employment opportunities, and other such damages.

WHEREFORE, plaintiff, Serena Hou, demands judgment against defendants, NYU LANGONE HEALTH SYSTEM; Jane Doe I-V (these names being fictitious as their present identities are unknown); John Doe I-V (these names being fictitious as their present identities are unknown); XYZ Corporation I-V (these names being fictitious as their present identities are unknown), jointly and severally, for harm suffered as a result of defendants' aiding and abetting as follows:

(a) full compensation for back pay and benefits with full remuneration, with interest;

(b) full compensation for front pay and benefits with full remuneration, with interest;

(c) compensatory damages;

(d) consequential damages;

(e) punitive damages;

(f) pre-judgment interest;

(g) her attorneys' fees and costs with appropriate enhancement;

(h) such other relief as may be available and which this court deems to be just and equitable.

## THIRD COUNT

### Violation of the New York State Human Rights Law
### Disability/Perceived Disability Discrimination/Failure to Accommodate

6. Plaintiff repeats and realleges each and every allegation of the within paragraphs of this Complaint as if set forth at length herein.

7. Defendants violated the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.*, by discriminating against Plaintiff based on her disability and/or perceived disability.

8. In addition, Defendants further violated the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.*, by failing to provide Plaintiff with any reasonable accommodation for her disability.

9. Finally, Defendants further violated the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.*, by failing to engage in the interactive process to determine whether they could provide Plaintiff with a reasonable accommodation for her disability.

10. As a direct result of Defendants' violations of the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.*, Plaintiff continues to endure significant damages including, but not limited to, physical and bodily injuries, reduced healthcare due to lack of medical benefits, severe emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, lost employment opportunities, and other such damages.

WHEREFORE, plaintiff, Serena Hou, demands judgment against defendants, NYU LANGONE HEALTH SYSTEM; Jane Doe I-V (these names being fictitious as their

present identities are unknown); John Doe I-V (these names being fictitious as their present identities are unknown); XYZ Corporation I-V (these names being fictitious as their present identities are unknown), jointly and severally, for harm suffered as a result of defendants' disability/perceived disability discrimination as follows:

(a) full compensation for back pay and benefits with full remuneration, with interest;

(b) full compensation for front pay and benefits with full remuneration, with interest;

(c) compensatory damages;

(d) consequential damages;

(e) punitive damages;

(f) pre-judgment interest;

(g) her attorneys' fees and costs with appropriate enhancement;

(h) such other relief as may be available and which this court deems to be just and equitable.

## FOURTH COUNT

### Violation of the New York State Human Rights Law
### Aiding and Abetting

1. Plaintiff repeats and realleges each and every allegation of the within paragraphs of this Complaint as if set forth at length herein.

2. The New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq*, makes it unlawful for any person to aid or abet another's discrimination or retaliation in violation of the statute.

3. As set forth herein, defendants aided and abetted each others' discrimination and retaliation perpetuated against Ms. Hou in violation of the statute.

4. Defendants knowingly and willfully violated the New York City Human Rights Law by aiding and abetting each other's intentional discrimination and retaliation with malice and reckless indifference to Ms. Hou's rights.

5. As a direct result of defendants' violations of the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq*, plaintiff continues to endure significant damages including, but not limited to, physical and bodily injuries, reduced healthcare due to lack of medical benefits, severe emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, lost employment opportunities, and other such damages.

WHEREFORE, plaintiff, Serena Hou, demands judgment against defendants, NYU LANGONE HEALTH SYSTEM; Jane Doe I-V (these names being fictitious as their present identities are unknown); John Doe I-V (these names being fictitious as their present identities are unknown); XYZ Corporation I-V (these names being fictitious as their present identities are unknown), jointly and severally, for harm suffered as a result of defendants' aiding and abetting as follows:

    (a) full compensation for back pay and benefits with full remuneration, with interest;

    (b) full compensation for front pay and benefits with full remuneration, with interest;

    (c) compensatory damages;

    (d) consequential damages;

Case 1:21-cv-04825-KPF Document 1-1 Filed 08/31/20 Page 11 of 14

(e) punitive damages;

(f) pre-judgment interest;

(g) his attorneys' fees and costs with appropriate enhancement;

(h) such other relief as may be available and which this court deems to be just and equitable.

> O'CONNOR, PARSONS, LANE, & NOBLE, LLC
> Attorneys for Plaintiff
>
> By:___/s/ Gregory B. Noble_____
> GREGORY B. NOBLE

DATED: August 25, 2020

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues.

> O'CONNOR, PARSONS, LANE, & NOBLE, LLC
> Attorneys for Plaintiff
>
> By:___/s/ Gregory B. Noble_____
> GREGORY B. NOBLE

DATED: August 25, 2020

## DESIGNATION OF TRIAL COUNSEL

Please take notice that pursuant to Rule 4:25-4, Gregory B. Noble, Esq. is hereby designated as trial counsel in the within matter.

## CERTIFICATION PURSUANT TO RULE 4:5-1

The undersigned, Gregory B. Noble, certifies on behalf of the plaintiff as follows:

1. I am an attorney admitted to practice law in the State of New Jersey, counsel for the above-named plaintiff in the subject action.

2. The matter in controversy in this case is not, to my knowledge, the subject of any other action pending in any court or pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

3. There are no other parties who should be joined in this action that we are aware of at the present time.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

O'CONNOR, PARSONS, LANE, & NOBLE, LLC
Attorneys for Plaintiff


By:__/s/ Gregory B. Noble_____
     GREGORY B. NOBLE

DATED: August 25, 2020

# Civil Case Information Statement

**Case Details: HUDSON | Civil Part Docket# L-003064-20**

**Case Caption:** HOU SERENA VS NYU LANGONE HEALTH SYSTEM
**Case Initiation Date:** 08/25/2020
**Attorney Name:** GREGORY BRIAN NOBLE
**Firm Name:** O'CONNOR PARSONS LANE & NOBLE LLC
**Address:** 959 SOUTH SPRINGFIELD AVENUE, 2ND FL SPRINGFIELD NJ 07081
**Phone:** 9089289200
**Name of Party:** PLAINTIFF : Hou, Serena
**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Serena Hou?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/25/2020                                                           /s/ GREGORY BRIAN NOBLE
Dated                                                                                   Signed

```
HUDSON COUNTY SUPERIOR COURT
HUDSON COUNTY
583 NEWARK AVENUE
JERSEY CITY      NJ 07306
                                       TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 748-4400
COURT HOURS  8:30 AM - 4:30 PM

                           DATE:    AUGUST 25, 2020
                           RE:      HOU SERENA   VS NYU LANGONE HEALTH S YSTEM
                           DOCKET:  HUD L -003064 20

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON KIMBERLY ESPINALES-MALONEY

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
 AT:  (201) 748-4400.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                           ATTENTION:
                                   ATT: GREGORY B. NOBLE
                                   O'CONNOR PARSONS LANE & NOBLE
                                   959 SOUTH SPRINGFIELD AVENUE, 2ND FL
                                   SPRINGFIELD       NJ 07081


ECOURTS
```